

**FILED**
**Feb 12, 2024**
**11:22 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| **SHERRY SANDERS,** | ) | **Docket No. 2022-03-0499** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 800872-2022** |
| **SEVITA HEALTH dba D & S** | ) | |
| **RESIDENTIAL SERVICES** | ) | **Judge Pamela B. Johnson** |
| **Employer.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Sevita Health filed this Motion for Summary Judgment on grounds that no genuine issues of material fact exist. It argues that the statute of limitations expired before Ms. Sanders filed the Petition for Benefit Determination. For the reasons below, the Court agrees and holds that Sevita Health is entitled to summary judgment.

### History of the Claim

Sherry Sanders filed a petition for benefit determination on May 2, 2022, seeking benefits from Sevita Health for a mental injury and back and leg pain. She alleged a May 25, 2021 injury date but noted that she reported the injury on February 23 and had not worked since March 25.

In support of its motion and statement of undisputed facts, Sevita Health relied on the transcript of Ms. Sanders's testimony at an expedited hearing. Ms. Sanders testified her injuries were caused from having to work for 30 days without a break or any help. She stated she was taken off work by a medical provider sometime in March 2021, and she had not worked for Sevita Health since then. Although she had trouble remembering exact dates due to her medications, Ms. Sanders confirmed that her injuries occurred sometime in March 2021. She explained that she wrote "5-25-21" as the injury date on her petition but meant March 2021. She acknowledged that Sevita Health never paid any benefits for her injuries.

Based on these undisputed facts, Sevita Health argues that Ms. Sanders filed her

1

petition more than one year after her injury. Ms. Sanders asserts that she reported her injuries to Sevita Health within one year, but it denied her claim.

## Law and Analysis

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

Sevita Health must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Sanders's claim, or (2) prove that Ms. Sanders's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If Sevita successfully meets one of those burdens, Ms. Sanders must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. If she fails to do so, summary judgment, if appropriate, shall be entered against her.

The Court must decide if a genuine issue exists as to whether Ms. Sanders filed her petition within the statute of limitations. Tennessee Code Annotated section 50-6-203(b)(1) provides that, if the employer has not paid benefits, the employee's claim is forever barred unless a petition is filed within one year after the work injury.

To meet its burden, Sevita Health must submit affirmative evidence negating an essential element of Ms. Sanders's claim. An essential element of her claim is that she must file her petition within one year of the date of injury.

The undisputed facts show that Ms. Sanders filed her petition in May 2022. Although she wrote "5-25-21" as her injury date, her testimony reveals that she meant March, not May 2021. Ms. Sanders did not show that a genuine dispute of material fact exists regarding the late filing of her petition.

The Court finds that Ms. Sanders filed her petition more than one year after her injury and holds summary judgment is appropriate.

**IT IS, THEREFORE, ORDERED as follows:**

1. Ms. Sanders's petition is dismissed with prejudice.

2. Unless appealed, this order shall become final in 30 calendar days.

2

3. Sevita Health shall pay the $150.00 filing fee to the Court Clerk within five business days of this order becoming final, for which execution might issue.

4. Sevita Health shall file Form SD-2, Statistical Data form, within five business days of this order becoming final.

**ENTERED February 12, 2024.**

**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the order was sent as shown on February 12, 2024.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Glen B. Rutherford, Employee's Attorney | | X | grutherford@knoxlawyers.com |
| C. Christopher Brown, Employer's Attorney | | | chris.brown@leitnerfirm.com |

**PENNY SHRUM, COURT CLERK**
**WC.CourtClerk@tn.gov**

3



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal.  The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board.  *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.  Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____     ☐ Employer ☐ Employee

Address: _____     Phone: _____

Email: _____

Attorney's Name: _____     BPR#: _____

Attorney's Email: _____     Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

Groceries    $ _____ per month       Telephone     $ _____ per month

Electricity    $ _____ per month       School Supplies $ _____ per month

Water      $ _____ per month       Clothing      $ _____ per month

Gas        $ _____ per month       Child Care    $ _____ per month

Transportation   $ _____ per month      Child Support   $ _____ per month

Car        $ _____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile        $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House            $ _____       (FMV) _____

Other            $ _____       Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____